```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
_____

JOE WILLIAM FORD, JR.,            )
                                  )
     Plaintiff,                   )
                                  )
v.                                )
                                  )    No. 05-2017 Ma/V
CITY OF MEMPHIS, et al.,          )
                                  )
     Defendants.                  )
                                  )
_____

   ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS
_____
```

Before the court are two motions to dismiss the amended complaint of Plaintiff Joe William Ford, Jr. ("Ford"). Defendant City of Memphis ("the City") filed its motion to dismiss on July 13, 2005. Defendants Officer K. Workman ("Workman") and Officer Marvin A. Richardson ("Richardson"), employees of the City of Memphis Police Department who are sued in their individual and official capacities, filed their motion to dismiss on July 22, 2005. Ford filed responses to both motions on September 23, 2005. For the following reasons, both motions to dismiss are GRANTED in part and DENIED in part.

**I. Background**

Ford is schizophrenic. (Am. Compl. ¶ 10.) In the early morning hours of November 28, 2003, his cousin and landlord, believing that Ford had not been taking his medications, called

the police to report a disturbance. (Id. ¶ 12.) Workman arrived at the cousin's home around 4 a.m. and was admitted by the cousin. (Id.) Workman went to the kitchen and called for Ford to come out of his room and into the kitchen, which Ford did. (Id. ¶¶ 13-14.) When Ford entered the kitchen, he was allegedly irrational and talking to people who were not there. (Id. ¶ 14.) According to Ford, "Workman grabbed [him] by his wrist and pushed him against the wall and into the kitchen table..." (Id. ¶ 17.) Richardson arrived as Workman was attempting to handcuff Ford. (Id.)

   Ford alleges that, "[a]s they were approaching the police car, [he] fell to the ground at the back of the driver's side," at which point, Workman and Richardson dragged him by the collar to the other side of the car where they beat him and sprayed him with a chemical agent. (Id. ¶ 19.) According to Ford, Workman and Richardson "stepped on his leg, kicked him in the face, made gestures at Ford and made fun of and joked about [him]." (Id.)

   Ford was then allegedly pushed into the back of the police car, where he was forced to ride without a seatbelt because neither Workman nor Richardson had fastened it for him, which he could not do himself because his hands were cuffed. (Id. ¶ 21-22.) Workman took Ford to the Med for emergency commitment, and during the ride, Ford was allegedly "thrown back and forth several times" because he did not have a seatbelt and was

"threatened several times with additional chemical spray." (Id. ¶¶ 15, 22.) Ford brings this action for compensatory and punitive damages under 42 U.S.C. § 1983. Ford's complaint also brings state tort claims and claims under the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29-20-201 et seq., against all Defendants.

**II. Jurisdiction**

The court has jurisdiction to adjudicate federal claims under 28 U.S.C. § 1331. The court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to adjudicate state law claims arising from the same nucleus of operative facts as the federal claims.

**III. Standard for Dismissal Under Rule 12(b)(6)**

"Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted." Memphis, Tenn. Area Local, Am. Postal Workers' Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the complaint as true. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Further, the court must construe the complaint in the light most favorable to the plaintiffs." Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902. If the plaintiff can prove no

set of facts that would entitle him to relief based on a viable legal theory, the claim will be dismissed. Scheid, 859 F.2d at 437.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

**IV. Analysis**

    **A. Official Capacity Claims**

As a preliminary matter, the court grants Workman and Richardson's motion to dismiss the claims brought against them in their official capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-166 (1985). Workman and Richardson are employees of the City of Memphis. Because Ford's suit names the City as a Defendant, naming Workman and Richardson as

defendants in their official capacities is redundant. Ford's claims against Workman and Richardson in their official capacities are dismissed.

**B. § 1983**

Ford brings claims against all Defendants under § 1983 for violations of various articles of the Tennessee Constitution. Defendants correctly assert that § 1983 does not permit a plaintiff to assert violation of his rights under a state constitution, and Ford, in his responses, agrees. Therefore, Ford's claims under § 1983 for violations of various articles of the Tennessee Constitution are dismissed as to all defendants.

Ford also brings claims against all Defendants under § 1983 for violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Specifically, Ford alleges several violations of his Fourth and Fourteenth Amendment rights to be secure in his person against unreasonable searches and seizures and to freedom from arrest except upon probable cause, his right not to be deprived of life, liberty, or property without due process of law, and his right to be free from cruel and unusual punishment. Because the right to be free from cruel and unusual punishment is an Eighth Amendment right and Ford has dropped the Eighth Amendment claims in his Amended Complaint, those claims are dismissed.

"To state a claim under § 1983, a plaintiff must allege the

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff bringing a § 1983 claim against a municipality must allege that the person who committed the violation was an agent of the municipality and "that a municipal policy or policy of inaction was the moving force behind the violation." Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902.

### 1. Fourth Amendment

Ford's complaint alleges that all Defendants violated his right to be secure in his person against unreasonable seizure under the Fourth and Fourteenth Amendments based on the use of excessive force during his arrest. See Graham v. Connor, 490 U.S. 386, 395 (1989). Ford complaint does not allege, however, that Workman or Richardson conducted an illegal search or lacked probable cause for his arrest.  Therefore, Ford has not stated sufficient facts to support a claim for violation of his Fourth Amendment rights to be secure in his person against unreasonable searches or to be free from arrest without probable cause. To the extent that Ford's complaint appears to include claims for violation of those rights, those claims are dismissed as to all Defendants.

Ford's allegations that Workman and Richardson beat and

6

kicked him and sprayed him with a chemical agent after Ford had been handcuffed, if true, would constitute the use of excessive force in violation of the Fourth Amendment.  Furthermore, Workman and Richardson are alleged to have committed these acts under color of state law as police officers for the City of Memphis.  These allegations are sufficient to state a claim against Workman and Richardson for violation of Ford's Fourth Amendment rights.

Workman and Richardson assert, however, that Ford's claims against them in their individual capacities should be dismissed because they are entitled to qualified immunity.  To survive a motion to dismiss on grounds of qualified immunity, a plaintiff must allege sufficient facts in his complaint "to sustain a conclusion that defendant violated clearly established law" or respond to defendant's motion with facts or allegations showing that the rights he alleges were violated "were so clearly established when the acts were committed that any officer in the defendant's position, measured objectively, would clearly have understood that he was under an affirmative duty to have refrained from such conduct." Poe v. Haydon, 853 F.2d 418, 424-25 (6th Cir. 1988).

Ford's complaint alleges sufficient facts to sustain a conclusion that Workman and Richardson violated clearly established law.  An objectively reasonable police officer would clearly have understood that beating and kicking a handcuffed man and spraying him with a chemical agent would constitute excessive

force and would violate the law.  Therefore, Workman and Richardson are not entitled to qualified immunity on Ford's excessive force claims, and their motion to dismiss those claims is denied.

As to Ford's excessive force claims against the City, the City asserts that Ford's allegations, if true, show only that the City was negligent and do not rise to the level of official policy required to state a cause of action against a municipality under § 1983. The City is correct that municipal liability under § 1983 cannot be based solely on a theory of respondeat superior, but must be based on a finding that an official municipal policy caused the plaintiff's injury. <u>Monell</u>, 436 U.S. at 694.  In limited cases, however, the failure to train police officers adequately can rise to the level of a municipal policy and, therefore, give rise to municipal liability. <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 388 (1989). "[T]he inadequacy of police training may serve as the basis for § 1983 liability...where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." <u>Id.</u>

Ford's complaint alleges that the alleged use of excessive force occurred because of the City's failure adequately to train its officers to deal with the mentally ill and that this failure to train constitutes deliberate indifference. These allegations are sufficient to state a cause of action against the City under

§ 1983 for violation of Ford's Fourth Amendment right to be secure in his person against unreasonable seizures, and the City's motion to dismiss Ford's Fourth Amendment claim for use of excessive force is denied.

### 2. Fourteenth Amendment

Ford alleges a violation of his right not to be deprived of life, liberty, or property without due process of law under the Fourth and Fourteenth Amendments, a substantive due process violation.  This general right is found in the Fourteenth, not the Fourth Amendment.  The Fourth Amendment, however, is the source of the particular right alleged to have been infringed, the prohibition against the use of excessive force. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" Albright v. Oliver, 510 U.S. 266, 273 (1994) (citing Graham v. Connor, 490 U.S. at 395). From the facts alleged in the complaint, the only basis for a substantive due process claim would be the alleged use of excessive force by Workman and Richardson.  Those allegations are properly analyzed under the Fourth Amendment.  Therefore, Defendants' motions to dismiss Ford's claims under the Fourteenth Amendment for violation of his right to due process are granted.

### C. State Law Claims

Ford's amended complaint brings state law claims for assault, battery, negligence, negligence per se, and outrageous conduct against all Defendants. Count II alleges claims against all Defendants under the TGTLA.

#### 1. State Law Claims Against the City

Sovereign immunity protects governmental entities from suit unless the entity waives its immunity. The TGTLA waives governmental immunity from suit for any injury proximately caused by a negligent act or omission of any employee of a political subdivision of the state of Tennessee who was acting within the scope of his employment. Limbaugh v. Coffee Med. Ctr., 59 S.W.3d 73, 78 (Tenn. 2001) (citing Tenn. Code Ann. § 29-20-205). The City of Memphis is a political subdivision of Tennessee. Tenn. Code Ann. § 29-20-102(3)(A).

The City argues that this court should not invoke its supplemental jurisdiction to hear Ford's claims under the TGTLA. The Tennessee General Assembly, in enacting the TGTLA, gave the Tennessee circuit courts exclusive jurisdiction over claims brought under the law. Tenn. Code Ann. § 29-20-307. Under 28 U.S.C. § 1367(c)(4), a district court can decline to exercise supplemental jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." That the Tennessee legislature expressed a clear preference that

claims under the TGTLA be heard by its own courts is such an exceptional circumstance. <u>Gregory v. Shelby County, Tenn.</u>, 220 F.3d 433, 446 (6th Cir. 2000).  Therefore, the City's motion to dismiss Ford's state law claims is granted.

### 2. State Law Claims Against Workman and Richardson

Although Workman and Richardson assert that the state tort claims brought against them individually should be dismissed under the doctrine of sovereign immunity, that doctrine creates immunity only for governmental entities, not for their employees in their individual capacities.  Therefore, arguments based on sovereign immunity and the TGTLA are not relevant as to the state law claims brought against Workman and Richardson individually. To the extent that Ford's complaint seeks to bring claims under the TGTLA against Workman and Richardson, those claims are dismissed. Furthermore, because Workman and Richardson's sole argument for dismissal of Ford's negligence claims is based on the doctrine of sovereign immunity, their motion to dismiss Ford's state law claims for negligence is denied.

Ford also brings state claims against Workman and Richardson for assault and battery.  Workman and Richardson assert that those claims must be dismissed because Ford was convicted of resisting arrest, and state law authorizes law enforcement officers to use all means necessary to arrest a suspect who is resisting. Their argument, however, omits the word "reasonable."

Under Tenn. Code Ann. § 40-7-108, an officer "may use...force that is reasonably necessary to accomplish the arrest of an individual suspected of a criminal act who resists or flees from the arrest." This court has already found that the use of force described in Ford's allegations was not reasonable. Therefore, if Ford's allegations are true, Workman and Richardson's use of force would not be justified under § 40-7-108. Workman and Richardson's motion to dismiss Ford's claims for assault and battery is denied.

Finally, Workman and Richardson assert that Ford has not set forth sufficient facts to state a claim for outrageous conduct under Tennessee law. Outrageous conduct and intentional infliction of emotional distress "are simply different names for the same cause of action." Bain v. Wells, 936 S.W. 2d 618, 622 n.3 (Tenn. 1997). To state a claim for outrageous conduct under Tennessee law, a plaintiff must allege sufficient facts to show that: (1) the conduct was intentional and reckless; (2) the conduct was so outrageous as not to be tolerated by civilized society; and (3) the conduct resulted in serious mental injury to the plaintiff. Id. at 622.

Workman and Richardson assert that the factual allegations in Ford's amended complaint are not sufficient to establish the second element of Ford's outrageous conduct claim.  The Tennessee Supreme Court has adopted the standard for outrageousness set

12

forth in the Restatement (Second) of Torts, which states:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous."

Restatement (Second) of Torts § 46 cmt. d (1965) (quoted in <u>Bain</u>, 936 S.W. 2d at 623). The court finds that Ford's allegations that two police officers beat and kicked a handcuffed, mentally ill person and sprayed him with a chemical agent while neighbors listened to him scream would be sufficient to lead an average member of the community to exclaim, "Outrageous." Therefore, Workman and Richardson's motion to dismiss Ford's claims for outrageous conduct is denied.

### V. Conclusion

Defendant City of Memphis' motion to dismiss is DENIED as to Ford's § 1983 claim for use of excessive force in violation of Ford's Fourth Amendment Rights and GRANTED as to the remainder of Ford's § 1983 claims and Ford's state law claims.

Defendant Officers K. Workman and Marvin A. Richardson's motion to dismiss as to claims brought against them in their official capacities is GRANTED.

Defendant Officers K. Workman and Marvin A. Richardson's motion to dismiss as to claims brought against them in their individual capacities is DENIED as to Ford's § 1983 claim for use of excessive force in violation of Ford's Fourth Amendment Rights and Ford's state law claims for negligence, negligence per se, assault, battery, and outrageous conduct, and GRANTED as to the remainder of Ford's § 1983 claims and Ford's claims under the TGTLA.

So ordered this 1st day of February 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE